IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TIMOTHY ABBOTT, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 3:17-CV-00497-NJR-SCW |
| FCA US LLC, a corporation, DAIMLER CHRYSLER, a corporation, TK HOLDINGS, INC., AUTOLIV ASP, INC., a corporation, and RICHLAND AUTO REPAIRS AND SALES, INC., | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

A Motion for Remand (Doc. 7), filed by Plaintiff Timothy Abbott, is pending before this Court. For the reasons set forth below, Abbott's Motion for Remand is granted.

## Background

On March 23, 2015, Timothy Abbott was driving his Chrysler Crossfire in Swansea, Illinois, when it was hit by another vehicle. (Doc. 1-1, ¶¶ 12-13). The impact caused damage to the front and driver side of the Crossfire. (Doc. 1-1, ¶ 13). Abbott alleges the airbags failed to deploy during the accident, resulting in "catastrophic injuries." (Doc. 1-1, ¶16). Richland Auto Repairs, a towing business located in Swansea, Illinois, (Doc. 1-1, ¶ 7), towed and stored the Crossfire after the accident. (Doc. 1-1, p. 15,

¶¶ 18-19).[1] Since Richland took possession of the car, the driver side door has allegedly been misplaced, lost, or destroyed. (Doc. 1-1, p. 15, ¶ 21).

On March 16, 2017, Timothy Abbott filed a complaint in the Circuit Court of the Twentieth Judicial Circuit of Illinois against Defendants FCA US, LLC (FCA), Daimler Chrysler (Daimler), TK Holdings, Inc. (TK Holdings), Autoliv ASP, Inc. (Autoliv), and Richland Auto Repairs and Sales (Richland). (Doc. 1-1). The complaint includes claims for strict products liability and negligence against FCA, Daimler, TK Holdings, and Autoliv; and one count of negligence and bailment against Richland. (Doc. 1-1). Richland was served on March 30, 2017 (Doc. 1-1, p. 34); FCA, Daimler, and Autoliv were all served on April 10, 2017 (Doc. 1-1, pp. 18-20). While proof of service against TK Holdings appears to be missing from the record, the Court notes that counsel for TK Holdings entered an appearance (Doc. 1-1, p. 21), and therefore TK Holdings had actual notice of the proceedings.

On November 10, 2017, Defendant Autoliv filed a Notice of Removal alleging this Court has jurisdiction under 28 U.S.C. § 1332. (Doc. 1, ¶ 11). In support of its assertion of jurisdiction, Autoliv argues complete diversity exists because Abbott is a citizen of Illinois and all listed defendants, except for Richland, are citizens of Delaware. (Doc. 1, ¶¶ 3-7). While Richland is a corporation whose principal place of business is Illinois (Doc. 7, ¶ 4), Autoliv alleges the bailment claim against Richland is fraudulently joined and therefore does not defeat diversity of citizenship, (Doc. 1, ¶ 8).[2] In response, Abbott filed a Motion to Remand, arguing joinder was proper because important evidence

---

[1] The original complaint restarts numbering at paragraph 17 for each Count. The Court will therefore reference the page, rather than paragraph, number for all factual allegations starting with Count 1.
[2] Autoliv also alleges that Abbott seeks damages in excess of $75,000. (Doc. 1, ¶ 9).

needed to pursue the products liability claim against the other defendants was lost or destroyed as a result of Richland's negligence. (Doc. 8, p. 3).

Subsequently, on June 26, 2017, TK Holdings filed a Notice of Bankruptcy Filing and Imposition of Automatic Stay. (Doc. 17).

**Legal Standard**

Removal is governed by 28 U.S.C. § 1441, which provides, in pertinent part, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a); *see also Potter v. Janus Inv. Fund*, 483 F.Supp.2d 692, 694-95 (S.D. Ill. 2007). In other words, "[a] defendant may remove a case to federal court only if the federal district court would have original subject matter jurisdiction over the action." *Disher v. Citigroup Global Mkts. Inc.*, 419 F.3d 649, 653 (7th Cir. 2005) (vacated on other grounds). Under 28 U.S.C. § 1332, a federal district court has original subject matter jurisdiction over actions involving complete diversity between the parties plus an amount in controversy exceeding $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a)(1); *LM Ins. Corp. v. Spaulding Enters., Inc.*, 533 F.3d 542, 547 (7th Cir. 2008). Complete diversity exists where none of the parties on either side of the litigation are citizens of the same state as the parties on the other side. *Howell v. Tribune Entertainment Co.*, 106 F.3d 215, 217 (7th Cir. 1997).

The party seeking removal has the burden of proving subject matter jurisdiction exists. *See Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540 (7th Cir. 2006); *Brill v.*

*Countrywide Home Loans,* 427 F.3d 446, 447–49 (7th Cir. 2005); *Doe v. Allied–Signal, Inc.,* 985 F.2d 908, 911 (7th Cir. 1993). There is a strong presumption in favor of remand and courts construe the removal statute narrowly. *Fuller v. BNSF Ry. Co.*, 472 F.Supp.2d 1088, 1091 (S.D. Ill. 2007); *Kalbfleisch ex rel. Kalbfleisch v. Columbia Community Unit School Dist. Unit No. 4*, 644 F.Supp.2d 1084, 1087 (S.D. Ill. 2009). Any doubts concerning removal must be resolved in favor of remand to the state court. *Alsup v. 3-Day Blinds, Inc.*, 435 F.Supp.2d 838, 841 (S.D. Ill. 2006) (citing *McCoy v. General Motors Corp.,* 226 F.Supp.2d 939, 943 (N.D. Ill. 2002)).

## Analysis

**I. Improper Removal**

Where removal is based on the federal court having original jurisdiction, all defendants who have been properly joined and *served* must consent to the removal of the action. 28 U.S.C. § 1446(b)(2)(A) (emphasis added); *see also P.P. Farmers Elevator Co. v. Farmers Elevator Mutual Insurance Co.,* 395 F.2d 546, 547-48 (7th Cir. 1968). A legally defective removal petition subjects the case to remand. *Northern Illinois Gas Co. v. Airco Indus. Gases,* 676 F.2d 270, 273 (1982). However, a motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within thirty days after the filing of the notice of removal, or the defect is waived. 28 U.S.C. § 1447(c); *Roe v. O'Donohue,* 38 F.3d 298, 300 (7th Cir. 1994), (overruled on other grounds).

Here, the removal petition is technically deficient because only TK Holdings joined Autoliv consents to removal. (Doc. 1, ¶12). All of the other listed defendants had been served prior to filing of the Notice of Removal, but did not consent. (Doc. 1, ¶¶ 1-15). Autoliv explains the failure to obtain consent by stating there was no entry of

appearance for defendants FCA and Daimler. (Doc. 1, ¶ 13). The requirement for consent is based on service on the defendant, however, not entry of appearance by an attorney. *See Kopff v. World Research Group, LLC.*, 298 F.Supp.2d 50, 57 (D.D.C 2003); *Maybruck v. Haim*, 290 F.Supp. 721, 722 (S.D.N.Y. 1968); *Norwich Realty Corp. v. U.S. Fire Ins. Co.*, 218 F.Supp. 484, 486 (D.C. Conn. 1963).

Although the Notice of Removal was procedurally defective, this basis for remand was not raised by Abbott (Doc. 8, pp. 1-5), and the thirty day deadline for raising the procedural defect has passed. As a result, although technically deficient, the Notice of Removal remains before this Court.

**I. Bankruptcy Stay**

A bankruptcy petition operates as a stay of the "commencement or continuation" of a judicial action against the debtor that arose before the commencement of the case. 11 U.S.C. § 362(a).[3] A stay under 11 U.S.C. §362 has two purposes: (1) to provide the debtor breathing space by stopping all collection efforts, harassment, and foreclosure actions, and (2) to prevent the dissipation of a debtor's assets through multiple suits outside the bankruptcy process. *Holtkamp v. Littlefield*, 669 F.2d 505, 508 (7th Cir. 1982); *see also Winters v. George Mason Bank*, 94 F.3d 130, 133 (4th Cir. 1996); *Dean v. Trans World Airlines, Inc.*, 72 F.3d 754, 755–56 (9th Cir. 1995); *In re Siciliano*, 13 F.3d 748, 750–51 (3d Cir.

---

[3] Although the notice of bankruptcy here applies only to TK Holdings, the notice indicates an intention of the Debtors to move in Bankruptcy Court for an order staying proceedings against any automaker defendants in this litigation. (Doc. 17, p. 2). The Seventh Circuit, however, has held an automatic stay extends to the debtor filing bankruptcy proceedings, not to non-bankrupt co-defendants. *Pitts v. Unarco Indus., Inc.*, 698 F.2d 313, 314 (7th Cir. 1983) (per curium). While some courts recognize an exception to this general rule in "unusual circumstances," this Court does not need to address whether such a circumstance exists here, since motions to remand are not generally implicated by a bankruptcy stay (see *infra* pp. 6-7). *See Matter of S.I. Acquisition, Inc.*, 817 F.2d 1142, 1147 (5th Cir. 1987); *A.H. Robins Co., Inc. v. Piccinin*, 788 F.2d 994, 999 (4th Cir.1986); *Marroquin v. D & N Funding Inc.*, 943 S.W.2d 112, 115 (Tex. App. 1997); *Belington Bank v. Masketeers, Co.*, 408 S.E.2d 316, 320 (W.Va. 1991).

1994).

Because remand is not a decision on the merits, it does not jeopardize or infringe on a debtor's "breathing space" or threaten to deplete the estate against the interests of other creditors. *Sanders v. Farina,* 67 F.Supp.3d 727, 730 (E.D. Va. 2014); *MTGLQ Investors, L.P. v. Guire,* 286 F.Supp.2d 561, 563-64 (D. Md. 2003). Moreover, a remand does not put either party "in a better or worse position, legally or financially, than the position [they] occupied at the time of removal." *Sanders,* 67 F.Supp.3d at 730. A remand simply sends the case back to the proper court, which should promptly enter a stay. *Sanders,* 67 F.Supp.3d at 730; *Price v. Chrysler LLC,* No. 09–232, 2009 WL 2208298, at *1 (E.D. Mo. June 23, 2009).

The majority of courts, therefore, do not find that remand is prohibited by the automatic stay provision of the bankruptcy code. *Cnty. of Cook v. Mellon Stuart Co.,* 812 F.Supp. 793, 798 n. 3 (N.D. Ill. 1992) ("The subsequent bankruptcy filing and resulting stay under section 362 of the Bankruptcy Code, 11 U.S.C. § 362, do not prevent this court from remanding an improperly removed action."); *Lindley Contours, LLC v. AABB Fitness Holdings, Inc.,* 414 F.App'x 62, 63 n. 1 (9th Cir. 2011) ("[B]ecause we find that subject matter jurisdiction is lacking and do not reach the merits of Appellant's claims, we need not retain jurisdiction over Mr. Cooper pursuant to the automatic stay provision of § 362."); *MTGLQ Investors, L.P. v. Guire,* 286 F.Supp.2d 561, 563–64 (D. Md. 2003); *In the Matter of Federal Press Co.,* 117 B.R. 942, 950 (N.D. Ind. 1989); *Teel v. Am. Steel Foundries,* 529 F.Supp. 337, 346 (E.D. Mo. 1981); *Evans v. Anderson,* C 09–5227 MHP, 2010 WL 118398, at *1 (N.D. Cal. Jan. 7, 2010); *Community Collectors LLC v. Mortgage Electronic*

*Registration Services, Inc.,* 2012 WL 3249509, at *5 (N.D. CA August 7, 2012); *but see Liljeberg Enter. Int'l, LLC v. Vista Hosp. of Baton Rouge, Inc.,* No. 04–2780, 2004 WL 2725965, at *1 (E.D. La. 2004). This Court thus finds it proper to consider the Motion for Remand despite TK Holdings' Notice of Bankruptcy Filing and Imposition of Automatic Stay.

**III. Motion to Remand**

This Order is in response to the parties' dispute over whether this Court has federal subject matter jurisdiction to hear this case. The Court is cognizant, however, that it has its own independent obligation to ensure it has subject matter jurisdiction at each stage of the proceedings. *See Crosby v. Cooper B-Line, Inc.*, 725 F.3d 795, 800 (7th Cir. 2013); *Foster v. Hill*, 497 F.3d 695, 696-97 (7th Cir. 2007).

Here, Autoliv alleges the negligence and bailment claim against Richland is fraudulently joined and thus does not defeat diversity of citizenship. (Doc. 1, ¶ 8). Conversely, Abbott argues that due to Richland's negligence, important evidence needed to pursue his products liability claim against the other defendants was lost or destroyed, making Richland a properly joined party. (Doc. 8, p. 3).

The "fraudulent joinder" doctrine prohibits a plaintiff from joining a non-diverse defendant in an action simply to destroy diversity jurisdiction. *Schwartz v. State Farm Mut. Auto. Ins. Co.,* 174 F.3d 875, 878 (7th Cir. 1999); *Gottlieb v. Westin Hotel Co.,* 990 F.2d 323, 327 (7th Cir. 1993). If the removing defendant establishes fraudulent joinder, the district court considering removal may "disregard, for jurisdictional purposes, the citizenship of certain non-diverse defendants, assume jurisdiction over a case, dismiss

the non-diverse defendants, and thereby retain jurisdiction." *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 763 (7th Cir. 2009).

To establish fraudulent joinder, the removing defendant has the burden of proving the plaintiff cannot establish a cause of action against the in-state defendant. *Morris v. Nuzzo*, 718 F.3d 660, 666 (7th Cir. 2013). Courts only assess whether the plaintiff's complaint provides a reasonable basis for recovery against an in-state defendant; not whether the plaintiff will ultimately be successful on the merits. *Asperger v. Shop Vac Corp.*, 524 F.Supp.2d 1088, 1096 (S.D. Ill. 2007). In reviewing such a claim, a court must construe all issues of fact and law in favor of the plaintiff. *Morris v. Nuzzo*, 718 F.3d at 666; *Poulos v. NAAS Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992). Even if a state court may ultimately find a plaintiff has failed to state a claim against a defendant, joinder of the claim is not "fraudulent" for purposes of jurisdiction so long as the state law issue is subject to reasonable argument on both sides. *See Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 853 (3d Cir. 1992). Put differently, the defendant has the "heavy burden" of showing the plaintiff's claim has "no chance of success" against the non-diverse defendant. *Poulos*, 959 F.2d at 73.

Here, the Court must determine whether Autoliv has met its burden of proving Abbott has no chance of success on its negligence and bailment claim against Richland. To recover under a bailment theory, the plaintiff must allege: (1) an express or implied agreement to create a bailment, (2) delivery of the property, (3) the bailee's acceptance of the property, and (4) the bailee's failure to return the property or the bailee's delivery of the property in a damaged condition. *Indemnity Ins. Co. of North America v. Hanjin*

*Shipping Co.,* 348 F.3d 628, 637-38 (7th Circ. 2003).

Here, a reasonable basis exists to predict Abbott can recover against Richland. First, an agreement of bailment is implied in law when the property of one person is voluntarily received by another for some purpose other than obtaining ownership." *Annecca Inc. v. Lexent, Inc.,* 345 F.Supp.2d 897, 908 (N.D. Ill. 2004); *Chesterfield Sewer & Water, Inc. v. Citizens Ins. Co. of N.J.,* 207 N.E.2d 84, 86 (Ill. App. Ct. 1965). Abbott alleges Richland towed and stored his 2006 Chrysler Crossfire pursuant to a contract with the Village of Swansea to remove and store vehicles involved in accidents. (Doc. 1-1, p. 15, ¶¶ 18-19). Because Richland towed and stored the vehicle for the purpose of complying with its contractual obligation, not in order to obtain ownership of the vehicle, an implied bailment agreement existed between Abbott and Richland. Second, delivery and acceptance of the property were completed when Richland removed the Crossfire from the accident scene and towed it to its business. (Doc. 1-1, p. 15, ¶ 18). Finally, Abbott alleges the driver side door has been misplaced, lost, or destroyed by Richland (Doc. 1-1, p. 15, ¶ 21), which evidences Richland's failure to return the property. Because the original complaint contains allegations to support all of the elements of a bailment claim under Illinois law, the Court finds a reasonable basis exists to predict Abbott may be able to recover against Richland.

Autoliv alleges, however, that fraudulent joinder still exists because Abbott's theory of recovery against Richland is inconsistent with his theories for recovery against the other defendants. (Doc. 16, p. 1). The Court is not convinced that "inconsistent legal theories" against defendants is a proper basis for finding fraudulent joinder. The federal

rules allow a plaintiff to join defendants whose legal claims arise out of the same transaction or occurrence. FED. R. CIV. P. 20. Further, Federal Rule of Civil Procedure 8(d)(3) explicitly allows parties to raise separate claims "regardless of consistency." To find fraudulent joinder exists, and dismiss claims against a defendant, where the plaintiff has simply acted in accordance with the federal rules seems an inappropriate result.

Assuming for the sake of argument that inconsistent theories can form the basis for fraudulent joinder, no such inconsistency exists here. Autoliv has cited to only one case, *Baisden v. Bayer Corp.,* 275 F.Supp.2d 759 (S.D. W. Va. 2003), in support of its argument. In *Baisden*, the plaintiff filed a complaint against Bayer alleging the corporation provided failed to warn the public of the dangers of a particular drug, and provided false or misleading information to physicians indicating the drug was safe. *Baisden*, 275 F.Supp.2d at 761. At the same time, the plaintiff filed a claim against his physician alleging the physician committed negligence by prescribing the unsafe drug. *Id.* The court found it was impossible for the claim against Bayer and the claim against the doctor to both be true—if Bayer withheld information about the dangers of the drug, the doctor could not have been negligent in being unaware of those dangers. *Id.* at 763. Because only one of the two claims could survive, the court found the physician was fraudulently joined. *Id.*

Here, it is possible for all of Abbott's claims to survive and therefore no inconsistency exists. A jury could reasonably find Richland was negligent when it lost or destroyed the car door *and* the other defendants were either negligent or strictly liable

for the design, manufacture, or distribution of the Crossfire, its airbags, and sensors. Even if a state court may ultimately find Abbott has failed prove a claim against one of the defendants, joinder of the claim is not "fraudulent" for purposes of jurisdiction, so long as the state law issue is subject to reasonable argument on both sides. *See Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 852-53 (3d Cir. 1992).[4]

Accordingly, the Motion to Remand (Doc. 7) filed by Abbott is **GRANTED**. This action is **REMANDED** to the Circuit Court of the Twentieth Judicial Circuit of Illinois for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

**DATED:** August 2, 2017

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**

---

[4] Autoliv argues inconsistent theories exist because Abbott claims Richland's loss of his property has resulted in the inability to prove his strict liability claims against the other defendants. (Doc. 16, p. 2) (Citing Doc. 1-1, p. 15, ¶ 22). A review of the initial complaint, however, suggests this is an exaggeration of Abbott's position. What Abbott actually alleges is that "evidence needed for pursuing a third party claim has been destroyed." (Doc. 1-1, p. 15, ¶ 22). Contrary to Autoliv's claim, Abbott does not claim it is impossible to prove a claim for strict liability without the missing door, just that evidence helpful to that claim has been destroyed. Even if Abbott were making such a claim, however, this is not the same sort of issue as was raised in *Baisden*. In that case, only one of the two defendants could have been acting tortiously, and thus claims against both could not be sustained. Here, all of the defendants could have acted tortiously—Richland in losing the car door and the remaining defendants in the design, manufacture, and sale of their products. The fact that Abbott may not be successful against one defendant due to the tortious acts of another is not the same as having inconsistent legal claims.